UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ARTHUR LOGAN,

    Petitioner,

v.

                      CASE NO. 2:06-cv-14240
                      HONORABLE PATRICK J. DUGGAN
                      UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 1, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Lee Arthur Logan ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility[1] in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. In his *pro se* application, Petitioner challenges his conviction for possession with intent to deliver less than fifty grams of cocaine, MICH.COMP.LAWS §

---

[1]Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Kenneth T. McKee, the warden of Bellamy Creek Correctional Facility in Ionia, Michigan, the current location of Petitioner. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. However, because the Court is denying the petition, it will not do so in this case.

1

333.7401(2)(a)(iv). For the reasons stated below, the petition for writ of habeas corpus will be denied.

I. **Factual Background and Procedural History**

Following a traffic stop based on a seatbelt violation, drugs were seized in a vehicle driven by Petitioner. Jamall Russell was a passenger in the vehicle. As a result, Petitioner and his co-defendant, Jamall Russell, were originally charged with possession with intent to deliver between fifty and four hundred and forty-nine grams of cocaine and possession of marijuana. Petitioner was also originally charged with being a second offender under Michigan's Controlled Substances Act.

On January 20, 2005, Petitioner pleaded guilty to a reduced charge of possession with intent to deliver less than fifty grams of cocaine, in exchange for which the prosecutor agreed to dismiss the original charges against him. There was also a sentence agreement that Petitioner's minimum sentence would be no greater than thirty-six months. (*See* Doc. No. 16, 1/20/05 Plea Hearing Transcript ("Plea Tr.") at 3, 13.) Petitioner acknowledged that this was the entire agreement. (*Id.* at 4, 13-14.) Petitioner's co-defendant pleaded guilty at the same time to the same charge. In addition, Petitioner confirmed to the court that he was pleased with his counsel's services. (*Id.* at 7.) The trial court advised Petitioner and his co-defendant of the maximum penalty for the charge that they were pleading guilty to and the constitutional rights that they would be relinquishing by pleading guilty. (*Id.* at 9-14.) Furthermore, the trial court judge specifically advised Petitioner that by pleading guilty, he would be giving up his right to

allege that the plea was induced by any promises or threats that were not mentioned on the record. (*Id*. at 14-15.) In response to the trial judge's question, Petitioner denied that any force, fraud, threats, or tricks had been used to coerce a guilty plea. (*Id.* at 15.) In making out a factual basis for the plea, Petitioner told the judge that he had been driving a car in which the co-defendant was a passenger. Petitioner admitted knowing at that time that the co-defendant had three ounces of crack cocaine inside of a surgical glove. Petitioner said that he and the co-defendant intended to sell the cocaine. (*Id.* at 17-18).

Prior to sentencing, Petitioner moved to withdraw his plea of guilty. A hearing was held on his motion on February 8, 2005. In response to the judge's questions, Petitioner acknowledged that he had informed the judge at the guilty plea hearing that he was pleased with his counsel's services. (Doc. No. 17, 2/8/05 Plea Withdraw Motion Transcript ("Withdraw Tr.") at 5-6.) Petitioner further acknowledged that he had been advised at the plea hearing that he would be waiving the right to claim that his plea was the result of any threats or promises not disclosed on the record. Petitioner admitted that he had denied at the time of the plea that any threats or tricks had been used to induce his plea. (*Id.* at 7-9.) At the hearing, Petitioner's counsel indicated that he was prepared to go to trial on the day of the guilty plea, having been led to believe that Petitioner had rejected the plea offer. According to Petitioner's counsel, it was not until Petitioner came into the courtroom on January 20, 2005 that he informed counsel that he wished to plead guilty. (*Id.* at 9-10.) The trial court denied Petitioner's motion to withdraw his guilty plea, finding that there was no evidence that Petitioner's counsel lied to him or tricked

3

him into pleading guilty. (*Id.* at 11, 15.) The trial court judge also rejected Petitioner's claim of innocence, noting that he had presided over the preliminary examination and had believed that there was probable cause to bind Petitioner over to trial on the original charges. (*Id.* at 13.) The judge also noted that Petitioner had admitted under oath that he was guilty. (*Id.*)

Petitioner was sentenced on February 14, 2005 to three to twenty years in prison. (Doc. No. 18, 2/14/05 Sentencing Transcript at 15.) On February 13, 2006, Petitioner's delayed application for leave to appeal to the Michigan Court of Appeals was denied "for lack of merit in the grounds presented." *People v. Logan,* No. 267668 (Mich. Ct. App. Feb. 13, 2006). Petitioner then sought leave from the Michigan Supreme Court to appeal the Michigan Court of Appeals' decision affirming his conviction, which was denied on July 31, 2006. *People v. Logan*, 476 Mich. 858, 718 N.W. 2d 337 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defendant's plea should be withdrawn when the interest of justice would so require since defendant was not guilty of the offense and there would have been no prejudice to the prosecution.
>
> II. Defendant is entitled to resentencing when the statutory sentencing guidelines were misscored as to offense variable twelve and fifteen, which affected the sentencing range.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty

4

Act of 1996 ("AEDPA"). Pursuant to the AEDPA, a petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), a petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639; 123 S.Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000).[2] A state court's decision is an "unreasonable application of" clearly established Supreme Court precedent "if the state court identifies

---

[2] The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 495 (1976)).

5

the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Relief is also available under the "unreasonable application" clause "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407, 120 S. Ct. at 1520; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005).[3]

## III. Applicable Law and Analysis

### A. Denial of Request to Withdraw Guilty Plea

In his first claim, Petitioner asserts that the trial court erred in denying his motion to withdraw his guilty plea as it was procured through the "coercion and improper tactics" of the prosecutor, his trial counsel's incompetence, and the trial judge's failure to honor the terms of the plea and sentencing agreement, and that he is not guilty of the charge. Respondent argues that the state court's adjudication of Petitioner's involuntary plea claim did not result in an unreasonable application of clearly established Supreme Court law, as the plea colloquy itself demonstrates that Petitioner's plea was made voluntarily.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant

---

[3]The proper inquiry for the "unreasonable application" analysis is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Wiggins*, 539 U.S. at 521, 123 S. Ct. at 2535 (citations omitted); *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

6

circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970)). In other words, "'a plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).'" *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S. Ct. 2543, 2547 (1984)(quoting *Brady*, 397 U.S. at 755, 90 S. Ct. at 1472). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid." *Id.* (citing *Henderson v. Morgan*, 426 U.S. 637, 96 S. Ct. 2253 (1976)). Moreover, "for a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994)(citations omitted).

The state bears the burden of showing that a petitioner's plea was made voluntary, intelligent, and knowing. *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175, 125 S. Ct. 2398 (2005). "[T]he state generally satisfies this burden by producing a transcript of the plea proceeding." *Id.* "A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to

7

demonstrate that the plea was voluntary, intelligent, and knowing." *Id*.

Petitioner first contends that he was coerced by the prosecutor, his attorney, his co-defendant, and his co-defendant's attorney into pleading guilty. The transcript of the plea hearing held on January 20, 2005, however, reveals that Petitioner was aware of the implications of the plea of guilt to the reduced charge. (*See* Plea Tr. at 9-12, 15-16.) Furthermore, the state court judge went into considerable detail to determine that the Petitioner was entering the guilty plea knowingly, voluntarily, and intelligently. (*Id.*) After inquiring as to the propriety of Petitioner's guilty plea, the trial judge concluded that Petitioner's guilty plea was "made freely, voluntarily, knowingly, understandingly, and accurately, offered without undue influence, compulsion, duress or the promise of any leniency." (*Id.* at 21.) Based on the transcript of the plea proceeding and the trial judge's finding that Petitioner's guilty plea was proper, this Court concludes that Petitioner's unsupported claim of coercion is insufficient to overcome the presumption of correctness attached to the trial court's finding that the plea was entered voluntarily. Thus, Petitioner is not entitled to habeas relief on the ground that his guilty plea was involuntarily entered. Petitioner also argues that his guilty plea should have been set aside because the trial judge failed to honor the sentencing agreement. Specifically, Petitioner contends that he was led to believe that in exchange for pleading guilty to a reduced charge, he would only be sentenced to a maximum of thirty-six months imprisonment. "A unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief." *Myers v. Staub*, 159 F. Supp. 2d 621, 627 (E.D.

Mich. 2001)(Steeh, J.)(citing *Montaya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000)). "However, a federal court sitting in habeas review should not 'lightly find misrepresentation in a plea agreement.'" *Id.* "Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea." *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 750-52 (E.D. Mich. 2005)(Gadola, J.).

In this case, a review of the plea transcript shows that Petitioner was twice informed that the sentence agreement called for his minimum sentence to be no greater than thirty-six months or three years. (Plea Tr. at 3, 13.) Petitioner indicated that he understood this agreement and it was his complete agreement. (*Id.* at 13.) In addition, Petitioner was advised that because he was on parole when he committed the present offense, he could be forced to serve the entire sentence for his paroled charge and that the sentence for the present offense would not begin until the parole sentence was completed. (*Id.* at 12.)

The plea agreement, as recited in open court, shows that there was no promise by the prosecutor that Petitioner's maximum sentence would be no greater than thirty-six months. Therefore, Petitioner has not shown that the original terms of the plea agreement were breached by the prosecutor or the sentencing judge. *Myers,* 159 F. Supp. 2d at 628. Moreover, because the entire terms of the plea and sentencing agreement were accurately

9

placed on the record at the time of the plea, habeas relief should not be granted by crediting Petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini*, 818 F. 2d 554, 558-59 (6th Cir. 1987). Because the record reflects that the trial judge properly elicited responses from Petitioner indicating an accurate understanding of the details of the plea agreement, Petitioner is not entitled to habeas relief on this basis.

Third, Petitioner argues that his guilty plea should have been set aside because he is innocent. "When considering a petitioner's assertion that he is innocent, 'the self-inculpatory statements he made under oath at his plea allocution carry a strong presumption of verity, and the court, in reviewing the belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant.'" *Urena v. People of State of New York*, 160 F.Supp. 2d 606, 610 (S.D.N.Y. 2001)(quoting *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997)); *see also Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996)(holding that the mere assertion of innocence, absent support from the record, is insufficient to overturn a guilty plea).

In denying Petitioner's motion to withdraw his guilty plea, the trial judge rejected Petitioner's claim of innocence, based in part on Petitioner's admission of guilt that he had made under oath. (Withdraw Tr. at 13.) The trial judge also noted that he presided over the preliminary examination and had determined that there was enough evidence to bind Petitioner over for trial on the original charges. (*Id.*) Furthermore, as stated above, the trial judge concluded that there was nothing in the record to indicate that Petitioner

was coerced into entering a guilty plea to the reduced charge. (*Id.*) In light of Petitioner's admission of guilt at the plea hearing and the state court's finding that these admissions were made voluntarily, *see* 28 U.S.C. 2254(e)(1)[4]; *see also Hastings v. Yukins*, 194 F. Supp. 2d 659, 668 (E.D. Mich. 2002)(Cleland, J.)[5], this Court concludes that Petitioner's assertion that the trial court erred in denying his motion to withdraw his guilty plea is without merit.

Finally, this Court does not believe that the proffered affidavit of Petitioner's co-defendant, Jamall Russell, is sufficient to warrant habeas relief under the AEDPA. In his affidavit, which was signed on June 1, 2006, after the Michigan Court of Appeals rejected Petitioner's appeal and while Mr. Russell was incarcerated at the Kinross Correctional

---

[4]Section 2254(e)(1) of Title 28 of the United States Code provides:
> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

[5]The Court in *Hastings* stated:
> Although the question of whether a plea of guilty is voluntary is a question of law, a state court's underlying findings of fact on this issue are presumed correct on habeas review. This includes findings as to a habeas petitioner's credibility. In the present case, the trial court's denial of petitioner's motion to withdraw [his] guilty plea as involuntarily made was not objectively unreasonable under the AEPDA, since it was based upon the trial court's findings as to the credibility of petitioner . . ., which are presumed to be correct.

*Hastings*, 194 F. Supp. 2d at 668.

Facility, Mr. Russell states that he told police at the time of the arrest that the narcotics in question were for personal use and that Petitioner did not know that Mr. Russell was in possession of cocaine.[6] Mr. Russell also states that he made up the story about Petitioner throwing cocaine into the car to obtain a favorable plea agreement from the prosecution in exchange for Mr. Russell's willingness to testify against Petitioner at trial.

To the extent Petitioner proffers Mr. Russell's affidavit in support of his contention that his guilty plea should be set aside because he is innocent, this Court does not believe it is persuasive. "[P]ostconviction statements by codefendants [which attempt to exculpate a criminal defendant] are inherently suspect because codefendants may try to assume full responsibility for the crime without adverse consequences." *Allens v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004); *see also In re Byrd*, 269 F.3d 561, 574 (6th Cir. 2001)(holding that a petitioner did not satisfy the miscarriage of justice exception necessary to reach the merits of a successive habeas petition, where evidence of actual innocence was an affidavit from a co-defendant made six years after conviction and after the co-defendant was no longer subject to further punishment for his actions); *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)("Recanting affidavits and witness are viewed with extreme suspicion.") In the case at bar, Mr. Russell's post-conviction attempt to exculpate Petitioner is suspect because it was made after Russell was sentenced and thus, no longer subject to further punishment or adverse consequences

---

[6]Mr. Russell's affidavit is attached as an Exhibit to the present habeas petition.

for his actions.

B.     **Denial of Request for Resentencing**

Petitioner's second claim is a collateral attack on his sentence. Specifically, Petitioner asserts that the trial court erred by incorrectly scoring Offense Variables 12 and 15 of the Michigan Sentencing Guidelines. In addition, Petitioner contends that *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), is applicable to Michigan's sentencing scheme and that the trial court failed to apply *Blakely* when determining Petitioner's sentence.

In his answer, Respondent contends that Petitioner's second claim does not implicate Petitioner's federal constitutional rights, and therefore, it is not a basis for granting habeas relief. Respondent does not address Petitioner's second argument involving *Blakely*. Nevertheless, the Court will address Petitioner's *Blakely* argument.

As Respondent contends, Petitioner is not entitled to habeas relief based on the trial judge's incorrect scoring of the Offense Variables of the Michigan Sentencing Guidelines. A state prisoner is entitled to habeas relief only on the ground that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, claims which arise out of a state court's sentencing decision are generally not cognizable on habeas review, *see Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001), unless the petitioner can show that the imposed sentence exceeded the statutory limits or is wholly

13

unauthorized by law.  *Townsend v. Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948).  Because Petitioner's sentence was within the statutory limit for the crime of possession with intent to deliver less than fifty grams of cocaine, *see* MICH. COMP. LAWS 333.7401(2)(b)(i), his claim is not cognizable on federal habeas corpus review.

 Furthermore, this Court does not believe that Petitioner's reliance on *Blakely* is persuasive.  In *Blakely* and a number of other cases, the Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by preponderance of the evidence." *Cunningham v. California*, __ U.S. __, 127 S. Ct. 856, 863-64 (2007).  The majority in *Blakely* indicated that this rule applies only to determinate sentencing schemes.  *See Blakely*, 542 U.S. at 308-09, 124 S. Ct. at 2540.  Contrary to Petitioner's assertion, Michigan has an indeterminate sentencing scheme in which the defendant is given a sentence based on sentencing guidelines and the maximum sentence is set by law, not by the trial judge. *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W. 2d 778, 789-90 (2006), *cert. denied sub nom Drohan v. Michigan*, 127 S. Ct. 592 (2006).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Id.* at 161, 715 N.W. 2d at 790. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guideline range did not

violate Petitioner's Sixth Amendment right to a jury trial.[7] Consequently, Petitioner is not entitled to habeas relief on the ground that his sentence violated *Blakely*.

## IV. Conclusion

For the reasons set forth above, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT COURT

Copies to:
Lee Logan
263077
Ryan Correctional Facility
17800 Ryan Road
Detroit, MI 48212

Brad H. Beaver, Esq.

---

[7] Many Judges in the United States District Court for the Eastern District of Michigan agree that a petitioner is not entitled to habeas relief on the ground that Michigan's sentencing guidelines implicate or are affected by *Blakely*. *See, e.g., Djoumessi v. Wolfenbarger*, No. 05-CV-70455, 2007 U.S. Dist. LEXIS 50364, at *50 (E.D. Mich. July 12, 2007)(Tarnow, J.); *Carattoni v. Stovall*, No. 07-CV-11910, 2007 U.S. Dist. LEXIS 48158, at *9 (E.D. Mich. July 3, 2007)(Steeh, J.); *Taylor v. Jones*, No. 05-CV-73909, 2007 U.S. Dist. LEXIS 42910, at *40 (E.D. Mich. June 13, 2007)(Edmunds, J.); *Jackson v. Curtin*, No. 06-CV-13338, 2007 U.S. Dist. LEXIS 42202, at *9-10 (E.D. Mich. June 11, 2007)(Edmunds, J.); *Davis v. Lafler*, No. 05-CV-60271, 2007 U.S. Dist. LEXIS 39385, at *41 (E.D. Mich. May 31, 2007)(O'Meara, J.); *Coffel v. Stovall*, No. 07-11927, 2007 U.S. Dist. LEXIS 35273, at *11-12 (E.D. Mich. May 15, 2007)(Luddington, J.); *Chatman v. Lafler*, No. 2:07-CV011786, 2007 U.S. Dist. LEXIS 32739, at *7 (E.D. Mich. May 3, 2007)(Cohn, J.); *Anderson v. White*, No. 06-CV-15622, 2007 U.S. Dist. LEXIS 31803, at *8 (E.D. Mich. April 30, 2007)(Rosen, J.); *Hall v. Lafler*, No. 05-CV-73906, 2007 U.S. Dist. LEXIS 23907, at *14 (E.D. Mich. April 2, 2007)(Zatkoff, J.).